1  WILLIAM L. STERN (CA SBN 96105)
   WStern@mofo.com
2  WILLIAM F. TARANTINO (CA SBN 215343)
   WTarantino@mofo.com
3  CLAUDIA M. VETESI (CA SBN 233485)
   CVetesi@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  Attorneys for Defendants
   UNILEVER UNITED STATES, INC.,
8  UNILEVER SUPPLY CHAIN, INC., and
   the PEPSI-LIPTON PARTNERSHIP (erroneously sued as
9  PEPSICO, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMY MAXWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC., UNILEVER SUPPLY CHAIN, INC., and PEPSICO, INC.,<br><br>Defendants. | Case No.   CV12-01736-EJD<br><br>**DEFENDANTS UNILEVER UNITED STATES, INC., UNILEVER SUPPLY CHAIN, INC., AND PEPSICO, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>[[Proposed] Order Granting Request For Judicial Notice [Defendant's Motion To Dismiss Concurrently Filed]<br><br>Hearing Date:<br>Time:<br>Judge:  Hon. Edward J. Davila<br>Action Filed:  April 6, 2012 |

## I.     INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence and related authority, Defendants Unilever United States, Inc., Unilever Supply Chain, Inc., and the Pepsi-Lipton Partnership (referred to collectively as "Unilever" or "Defendants") respectfully request judicial notice of the following exhibits, which are attached hereto:

- **Exhibit A**:  Table of recent "misbranding" cases recently filed in this District
- **Exhibit B**:  Lipton PURELEAF Iced Tea, bottled label
- **Exhibit C**:  Lipton Iced Green Tea Mandarin & Mango To Go Sticks label
- **Exhibit D**: Lipton VANILLA CARAMEL TRUFFLE Flavored Black Tea label
- **Exhibit E**:  Lipton GREEN TEA Naturally Decaffeinated label
- **Exhibit F**:  Lipton White Tea Raspberry Flavor, bottled label
- **Exhibit G**:  Lipton Cold Brew Iced Tea label
- **Exhibit H**:  Lipton Decaffeinated Tea label

## II.     ANALYSIS

### A.     Identifying Information of Other Cases Is Judicially Noticeable.

Exhibit A, which is a table listing the identifying information of recent misbranding cases filed by Plaintiff's Counsel, is judicially noticeable.  *See Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (judicial notice of papers filed in other court proceedings).

### B.     Product Labels Are Judicially Noticeable.

Exhibits B through H, which are the packaging labels for Defendants' products, are judicially noticeable.  Plaintiff's Complaint challenges Defendants' labeling practices for seven of their Lipton Tea products.  (Complaint for Damages, Equitable and Injunctive Relief ("Compl.") ¶ 74.)  Plaintiff's Complaint lists the products at issue and includes photographs of the labels of the products Plaintiff allegedly purchased.  (*Id.*)  Because the photographs are of poor quality and the Complaint has put Defendants' products and product labels into issue, the Court should take judicial notice of the legible label copies attached as Exhibits B through H.  The concurrently filed Cindy Tran declaration ("Tran Declaration") and Jennifer Antczak declaration ("Antczak Declaration) authenticate these exhibits.  (Tran Decl. ¶¶ 4-8; Antczak Decl. ¶¶ 4, 5.)

The Court may take judicial notice of Exhibits B through H in considering Defendants' Motion to Dismiss. Rule 201(b) of the Federal Rules of Evidence authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute" and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); *United States v. Ritchie*, 342 F.3d 903, 907-09 (9th Cir. 2003). This Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908 (noting that such consideration does not convert "the motion to dismiss into a motion for summary judgment").

The Ninth Circuit recognizes the authority of courts to consider a document in ruling on a Rule 12(b)(6) motion to dismiss when the plaintiff's complaint necessarily relies upon it. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *see also In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) *abrogated on other grounds by S. Ferry LP v. Killinger*, 542 F.3d 776 (9th Cir. 2008); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (allowing judicial notice of documents incorporated into a complaint by reference). As the Ninth Circuit has explained, the policy concern underlying the rule is to "[p]revent [the] [p]laintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which [their] claims are based." *Bunag v. Aegis Wholesale Corp.*, No. C 09-00558 MEJ, 2009 WL 2245688, at *3 (N.D. Cal. July 27, 2009) (citing *Parrino*, 146 F.3d at 706) (internal emphasis omitted).

In *Wright v. General Mills*, the district court took judicial notice of the product labels and packages at issue in that suit, holding: "Under the incorporation by reference doctrine, courts may also consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" No. 08cv1532 L(NLS), 2009 WL 3247148, at *4 (S.D. Cal. Sept. 30, 2009) (citing *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970 at 986). Because Exhibits B through H are documents upon which Plaintiff's claims are based, judicial notice of them should be granted.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
CASE NO. CV12-01736-EJD
sf-3167039

2

Judicial notice of the product labels is particularly appropriate here because under California law "the primary evidence in a false advertising case is the advertising itself." *Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (2003).  Furthermore, neither party can reasonably dispute the authenticity of the product label packages, considering Plaintiff included copies of them in her Complaint.  (Compl. ¶ 74.)

### III.   CONCLUSION

The Court should grant Defendant's request for judicial notice pursuant to Federal Rule of Evidence 201.

Dated: July 9, 2012

WILLIAM L. STERN
WILLIAM F. TARANTINO
CLAUDIA M. VETESI
MORRISON & FOERSTER LLP

By:   /s/ William L. Stern
       WILLIAM L. STERN

Attorneys for Defendants UNILEVER UNITED STATES INC., UNILEVER SUPPLY CHAIN, INC., and the PEPSI-LIPTON PARTNERSHIP (erroneously sued as PEPSICO, INC.)