WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
CLAUDIA M. VETESI (CA SBN 233485)
CVetesi@mofo.com
LISA A. WONGCHENKO (CA SBN 281782)
LWongchenko@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
UNILEVER UNITED STATES, INC.
and PEPSI/LIPTON TEA PARTNERSHIP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMY MAXWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC., PEPSICO, INC., and PEPSI LIPTON TEA PARTNERSHIP<br><br>Defendants. | Case No. CV12-01736-EJD<br><br>**DEFENDANTS UNILEVER UNITED STATES, INC. AND PEPSI/LIPTON TEA PARTNERSHIP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT**<br><br>[[Proposed] Order Granting Request For Judicial Notice, Defendants Unilever United States, Inc. and Pepsi/Lipton Tea Partnership's Motion To Dismiss Amended Complaint Concurrently Filed]<br><br>Hearing Date: December 7, 2012<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Action Filed: April 6, 2012 |

## I. INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence and related authority, Defendants Unilever United States, Inc. and Pepsi/Lipton Tea Partnership ("Defendants") respectfully request judicial notice of the following exhibits, which are attached hereto:

- **Exhibit A**: Table of recent "misbranding" cases recently filed by Plaintiff's counsel.
- **Exhibit B**: Excerpt from FDA's rule addressing the use of the term "natural" on food labeling. 58 Fed. Reg. 2302, 2407 (Jan. 6, 1993).
- **Exhibit C**: Lipton Green Tea Naturally Decaffeinated label.
- **Exhibit D**: Lipton Sweet Tea label.
- **Exhibit E**: Scholarly publication summarizing a study of the impact of consuming flavonoid-rich foods on cognitive performance in the elderly. Nurk, et al., *Intake of Flavonoid-Rich Wine, Tea, and Chocolate by Elderly Men and Women is Associated with Better Cognitive Test Performance*, 139 J. NUTR. 120 (2009).
- **Exhibit F**: FDA's May 10, 2011 "closeout letter" written to Unilever.
- **Exhibit G**: Letter from the Office of Compliance, Center for Food Safety and Applied Nutrition regarding citric acid in "natural" foods as attached in *Jones v. ConAgra Foods, Inc.*, No. 12-cv-1633-CRB (N.D. Cal.) (Dkt. No. 20-1, RJN Ex. A).
- **Exhibit H**: Lipton Brisk Lemon Iced Tea label.

## II. ANALYSIS

### A. Identifying Information of Other Cases Is Judicially Noticeable.

Exhibit A, which is a table listing the identifying information of recent misbranding cases filed by Plaintiff's Counsel, is judicially noticeable. *See Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (judicial notice of papers filed in other court proceedings).

### B. Product Labels Are Judicially Noticeable.

Exhibits C, D, and H, which are the packaging labels for Defendants' products, are judicially noticeable. Plaintiff's Amended Complaint challenges Defendants' labeling practices for their tea products. (Amended Complaint ("FAC") ¶ 149.) The FAC lists the products at issue, but does not include photographs of the labels of the products Plaintiff allegedly purchased.

(*Id.*)  Because the FAC has put Defendants' products and product labels into issue, the Court should take judicial notice of the legible label copies of products discussed in the Motion to Dismiss Amended Complaint attached as Exhibits C, D, and H.  The concurrently filed declaration of Stuart Cobert ("Cobert Declaration") authenticates these exhibits.  (Cobert Decl. ¶¶ 4, 5, and 7.)

The Court may take judicial notice of Exhibits C, D, and H in considering Defendants' Motion to Dismiss the Amended Complaint.  Rule 201(b) of the Federal Rules of Evidence authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute" and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b); *United States v. Ritchie*, 342 F.3d 903, 907-09 (9th Cir. 2003).  This Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Ritchie*, 342 F.3d at 908 (noting that such consideration does not convert "the motion to dismiss into a motion for summary judgment").

The Ninth Circuit recognizes the authority of courts to consider a document in ruling on a Rule 12(b)(6) motion to dismiss when the plaintiff's complaint necessarily relies upon it.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *see also In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) *abrogated on other grounds by S. Ferry LP v. Killinger*, 542 F.3d 776 (9th Cir. 2008); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (allowing judicial notice of documents incorporated into a complaint by reference).  As the Ninth Circuit has explained, the policy concern underlying the rule is to "[p]revent [the] [p]laintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which [their] claims are based."  *Bunag v. Aegis Wholesale Corp.*, No. C 09-00558 MEJ, 2009 WL 2245688, at *3 (N.D. Cal. July 27, 2009) (citing *Parrino*, 146 F.3d at 706) (internal emphasis omitted).

In *Wright v. General Mills*, the district court took judicial notice of the product labels and packages at issue in that suit, holding:  "Under the incorporation by reference doctrine, courts may also consider documents 'whose contents are alleged in a complaint and whose authenticity

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. CV12-01736-EJD
sf-3201986

3

no party questions, but which are not physically attached to the [plaintiff's] pleading.'" No. 08cv1532 L(NLS), 2009 WL 3247148, at *4 (S.D. Cal. Sept. 30, 2009) (citing *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970 at 986).  Because Exhibits C, D, and H are documents upon which Plaintiff's claims are based, judicial notice of them should be granted.

Judicial notice of the product labels is particularly appropriate here because under California law "the primary evidence in a false advertising case is the advertising itself." *Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (2003).  Furthermore, neither party can reasonably dispute the authenticity of the product label packages, considering Plaintiff attached copies of some of the labels to her original Complaint.  (Compl. ¶ 74.)

**C.   "The Contents of the Federal Register Shall Be Judicially Noticed" in Addition to Administrative Records.**

The Court should also take judicial notice of Exhibit B, an excerpt from FDA's rule addressing the use of the term "natural" on food labeling, 58 Fed. Reg. 2302, 2407 (Jan. 6, 1993); Exhibit F, FDA's May 10, 2011 "closeout" letter acknowledging Unilever's commitment to make certain labeling changes; and Exhibit G, a letter as part of FDA's enforcement mechanism from the Office of Compliance, Center for Food Safety and Applied Nutrition.  The concurrently filed Claudia Vetesi declaration ("Vetesi Declaration") authenticates Exhibits B and G.  (Vetesi Decl. ¶¶ 2, 4.)  The Cobert Declaration authenticates Exhibit F.  (Cobert Decl. ¶ 6.)

The Court should take judicial notice of Exhibits B, F, and G pursuant to Federal Rule of Evidence 201.  The Ninth Circuit and Northern District have taken judicial notice of documents such as "records and reports of administrative bodies" and opinion letters issued by regulatory agencies.  *Interstate Natural Gas Co. v. So. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953); *Louie v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1156 n.4 (C.D. Cal. 2006) (judicial notice of opinion letters issued by federal and state regulatory agencies).

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. CV12-01736-EJD
sf-3201986

4

Additionally, these exhibits are placed into issue by the FAC. Exhibits B, F,[1] and G help clarify FDA's stance on certain issues as relevant to misbranding and false labeling in Defendants' Motion to Dismiss the Amended Complaint, and these exhibits also relate to the truthfulness of Defendants' product labels. *Parrino*, 146 F.3d at 706 (allowing judicial notice of documents incorporated by reference); see also *Knievel*, 393 F.3d at 1076 (same). Therefore, judicial notice should be taken of Exhibits B, F, and G.

### D. Scholarly Publications Are Judicially Noticeable.

Scholarly publications are judicially noticeable. *In re Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 2844421, at *1 n.1 (N.D. Cal. Sept. 29, 2006). The Court should take judicial notice of Exhibit E, which is a scholarly publication regarding the health benefits of flavonoid antioxidants in tea. Nurk, et al., *Intake of Flavonoid-Rich Wine, Tea, and Chocolate by Elderly Men and Women is Associated with Better Cognitive Test Performance*, 139 J. Nutr. 120 (2009). The concurrently filed Vetesi Declaration authenticates this Exhibit. (Vetesi Decl. ¶ 3.)

### III. CONCLUSION

The Court should grant Defendants' request for judicial notice pursuant to Federal Rule of Evidence 201.

---

[1] Exhibit F ("closeout" letter to Unilever) is also publicly available on FDA's website. *Inspections, Compliance, Enforcement, and Criminal Investigations*, *available at* http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2010/ucm267398.htm. Thus, it is "not subject to reasonable dispute" and is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); *Ritchie*, 342 F.3d at 907-09 (9th Cir. 2003).

Dated: October 12, 2012

WILLIAM L. STERN
CLAUDIA M. VETESI
LISA A. WONGCHENKO
MORRISON & FOERSTER LLP

By: /s/ *William L. Stern*
WILLIAM L. STERN

Attorneys for Defendants
UNILEVER UNITED STATES, INC.
and PEPSI/LIPTON TEA
PARTNERSHIP