DANIEL W. NELSON, appearance *pro hac vice*
dnelson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

TIMOTHY W. LOOSE, SBN 241037
tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone:  213.229.7000
Facsimile:  213.229.6746

Attorneys for Defendant
PEPSICO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY MAXWELL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC., PEPSICO, INC., and PEPSI LIPTON TEA PARTNERSHIP,<br><br>Defendants. | CASE NO. 5:12-cv-01736 EJD<br><br>**DEFENDANT PEPSICO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON ALL CLAIMS AGAINST DEFENDANT PEPSICO, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**<br><br>Hearing Date:  Aug. 2, 2018<br>Hearing Time:  9 a.m.<br>Location:  Courtroom 4<br>Judge:  Hon. Edward J. Davila<br><br>Action Filed:  April 6, 2012<br>TAC Filed:  September 12, 2014<br><br>Trial Date:  None Set |

Gibson, Dunn & Crutcher LLP

DEFENDANT PEPSICO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON ALL CLAIMS AGAINST DEFENDANT PEPSICO, INC. PURSUANT TO FED. R. CIV. PROC. 54(b)
Case No. 5:12-cv-01736

**TABLE OF CONTENTS**

I.   RELEVANT BACKGROUND ................................................................................................. 1

II.  PLAINTIFF HAS NOT ESTABLISHED ANY JUSTIFICATION FOR
     PIECEMEAL, PRODUCT-BY-PRODUCT APPELLATE REVIEW ..................................... 2

     A.   Certifying Appeal Under Rule 54(B) Here Would Hinder Rather Than
          Promote Judicial Efficiency ........................................................................................ 3

     B.   Plaintiff Can Identify No Equitable Reason Why She Must Appeal Only
          Some Claims Now ....................................................................................................... 6

III. CONCLUSION ........................................................................................................................ 7

i

DEFENDANT PEPSICO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT
ON ALL CLAIMS AGAINST DEFENDANT PEPSICO, INC. PURSUANT TO FED. R. CIV. PROC. 54(b)
Case No. 5:12-cv-01736

Gibson, Dunn &
Crutcher LLP

Plaintiff's Motion for Entry of Final Judgment on All Claims Against Defendant PepsiCo, Inc. (Dkt. 136) is based on a false premise and should be denied.

Despite the title of Plaintiff's motion, Plaintiff's counsel has made clear during meet-and-confer discussions that Plaintiff *does not* believe that granting her request will resolve all claims against PepsiCo. Although the Court's dismissal order resolves claims relating to PepsiCo's carbonated soft drinks ("CSDs"), Plaintiff still wishes to assert claims against PepsiCo concerning a bevy of tea products that were not addressed by the Court's dismissal order. (The tea product claims were not addressed because they have been stayed pending guidance from the U.S. Food and Drug Administration ("FDA") on the use of the term "natural" on food labeling, *see* Dkt. 122.) As a consequence, what Plaintiff proposes is an inefficient and piecemeal process that will only dispose of some of her claims against PepsiCo, regarding some of the products.

That runs squarely against the "'historic federal policy against piecemeal appeals'" that remains at the core of the Federal Rule of Civil Procedure 54(b) analysis this Court must apply, and there is no reason to allow Plaintiff to split her claims against PepsiCo in order to pursue seriatim appeals. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). Although Plaintiff's claims against PepsiCo pertaining to tea products are presently stayed, they are based on the same theories and statutes that the Court addressed in its order dismissing the claims directed to the CSDs. Entry of final judgment on Plaintiff's claims against PepsiCo should not occur until it can truly be said that *all claims* against PepsiCo have been resolved, so that those claims may be resolved as a "single unit[]." *Id.* at 10; *see also Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015). Because Plaintiff does not agree that all claims against PepsiCo would be resolved by granting her request, her Motion requesting entry of a partial judgment to facilitate expedited appeal should be denied, and this case should proceed in the ordinary course.

## I.   RELEVANT BACKGROUND

Plaintiff's Motion is inaccurately styled as seeking entry of judgment on "*all claims against Defendant PepsiCo, Inc.*," (Mot. 1 [emphasis added]), as Plaintiff's counsel have advised that they still wish to pursue claims related to tea products against PepsiCo in this Court. Plaintiff previously

1

DEFENDANT PEPSICO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON ALL CLAIMS AGAINST DEFENDANT PEPSICO, INC. PURSUANT TO FED. R. CIV. PROC. 54(b)
Case No. 5:12-cv-01736

Gibson, Dunn & Crutcher LLP

told the Court that her claims against PepsiCo were limited to those pleaded against PepsiCo CSDs, but now she has apparently had a change of heart.[1]

Plaintiff's Third Amended Complaint (Dkt. 84, "TAC") contains allegations through which Plaintiff purports to demonstrate connections between PepsiCo and her tea product claims. (*See, e.g.*, Dkt. 84 ¶ 27 [alleging certain Lipton Tea products bear labels stating that they are "bottled under the authority of PepsiCo"], ¶ 28 [alleging that the Pepsi/Lipton Tea Partnership is a "joint venture" between Unilever and PepsiCo and that PepsiCo "control[s] 50% of the shares in the Partnership"], ¶ 29 [alleging that PepsiCo "market[s] the products" of the Partnership].)

In an effort to clarify Plaintiff's position, PepsiCo's counsel met and conferred with Plaintiff's counsel on June 8, 2018. (Declaration of Timothy W. Loose, ¶ 2.) Plaintiff's counsel stated that notwithstanding the title of Plaintiff's Motion (or its contents), Plaintiff did *not* intend for the judgment she requests to resolve all claims against PepsiCo. (*Id.* ¶ 3.) Rather, Plaintiff was only seeking a judgment on those claims against PepsiCo related to carbonated soft drink products, such that—in Plaintiff's view—PepsiCo would remain in the case before this Court with respect to the currently stayed tea labeling claims. (*Id.* ¶ 4.) Thus, Plaintiff's Motion is not evidently for a final judgment against PepsiCo as advertised. (Mot. 1.) It seeks entry of judgment only as to some claims regarding certain products.

## II.    PLAINTIFF HAS NOT ESTABLISHED ANY JUSTIFICATION FOR PIECEMEAL, PRODUCT-BY-PRODUCT APPELLATE REVIEW

"It is a 'foundational rule' that appeals normally lie only from 'final' judgments" disposing of all of the claims and parties in a case. *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 1718139, at *1 (N.D. Cal. Apr. 29, 2016) (quoting *Jewel*, 810 F.3d at 627). Here, there is no question that Plaintiff's motion will not dispose of all of the claims against even one defendant (PepsiCo), let alone all of them.

Rule 54(b) provides a narrow exception to the general rule when a court has resolved claims

---

[1] Plaintiff has repeatedly contended that her "claims against Pepsi[C]o are of a different nature than those against Unilever and Pepsi Lipton Partnership," that she had "not made any 'natural' claims against Pepsi[C]o," and that her claims against PepsiCo could be "severed" from the tea labeling claims brought against Unilever United States and the Pepsi/Lipton Tea Partnership. (Dkt. 114 at 3-4.)

2
DEFENDANT PEPSICO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON ALL CLAIMS AGAINST DEFENDANT PEPSICO, INC. PURSUANT TO FED. R. CIV. PROC. 54(b)
Case No. 5:12-cv-01736

Gibson, Dunn & Crutcher LLP

as to one of several parties and determines that there is "no just reason for delay" of appellate review. This exception was "adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case." *Jewel*, 810 F.3d at 628 (quoting *Gelboim v. Bank of Am. Corp.*, 135 S.Ct. 897, 902-03 (2015)). To determine whether entry of judgment under Rule 54(b) is warranted, the Court first determines whether it has rendered "an ultimate disposition of an individual claim entered in the course of a multiple claims action"; if so, then the Court "must determine whether there is any just reason for delay" in entering judgment. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005).

"[E]ntry of partial judgment under Rule 54(b) . . . is disfavored," particularly where—as here—it will not help "streamline" the case by, for example, eliminating a party entirely. *Roberts v. C.R. England, Inc.*, No. C 11-2586 CW, 2012 WL 711903, at *4 (N.D. Cal. Mar. 5, 2012); *Jewel*, 810 F.3d at 630; *Tsyn*, 2016 WL 1718139, at *2. "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification," and thus it is Plaintiff's burden to show that there is no just reason for delay. *Abbit v. ING USA Annuity*, No. 3:13-CV-02310-GPC-WVG, 2017 WL 449149, at *4 (S.D. Cal. Feb. 2, 2017) (citations and quotation marks omitted); *accord, e.g.*, *Moore v. Petsmart, Inc.*, No. 5:12-CV-03577-EJD, 2016 WL 771335, at *2 (N.D. Cal. Feb. 29, 2016).

Plaintiff can identify no "pressing need" for immediate appellate review here, and she ignores entirely the significant costs and risks of multiplicative litigation that certification would yield in this case. *Moore*, 2016 WL 771335, at *2-3; *Tsyn*, 2016 WL 1718139, at *2. Her Motion should be denied.

**A.   Certifying Appeal Under Rule 54(B) Here Would Hinder Rather Than Promote Judicial Efficiency**

In assessing whether there is just reason for delay, "[t]he main concern is 'to prevent piecemeal appeals in cases which should be reviewed only as single units.'" *Tsyn*, 2016 WL 1718139, at *1 (quoting *Jewel*, 810 F.3d at 628). "The Rule 54(b) inquiry thus focuses on the 'interrelationship' of the adjudicated claims (those proposed for interlocutory appeal) and those that remain pending; the court should ask 'whether the nature of the claim [is] such that no appellate court

3

DEFENDANT PEPSICO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON ALL CLAIMS AGAINST DEFENDANT PEPSICO, INC. PURSUANT TO FED. R. CIV. PROC. 54(b)
Case No. 5:12-cv-01736

would have to decide the same issues more than once.'" *Id.* (quoting *Wood*, 422 F.3d at 878 n.2.) In cases like this one, "the guiding principle is that '[a] similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)]. . . .'" *Wood*, 422 F.3d at 882 (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

Plaintiff's motion invites piecemeal appeals and inefficient litigation. Given Plaintiff's position as to PepsiCo's continuing status as a party in the action on Plaintiff's tea labeling claims, entering judgment will not have the effect of "freeing" PepsiCo "from further unduly burdensome litigation." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). Nor would an immediate appeal limited to the CSDs streamline this matter for the Court or the parties by "mak[ing] further litigation between [] those parties . . . unnecessary." *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982). Rather, PepsiCo will be forced to continue litigating the tea labeling claims in the underlying action in this Court (and in any subsequent appeal) while Plaintiff's appeal of the dismissal order is pending. This would result in an enormous waste of party and judicial resources. *See Jewel*, 810 F.3d at 630.

Nor has Plaintiff shown that an immediate appeal would "streamline the ensuing litigation" in any other manner, *Texaco, Inc. v. Ponsoldt*, 939 F.2d at 798 (9th Cir. 1991), much less that it will neutralize the serious risk of duplication of proceedings. Contrary to Plaintiff's assertions, "the claims that remain against Defendant Unilever and Defendant Pepsi Lipton Tea Partnership" are neither "'legally'" nor entirely "'factually distinct' from the claims against PepsiCo that this Court has dismissed." (Mot. 3-4.) *All* of Plaintiff's labeling claims, as to both the CSDs *and* the tea products, are predicated on purported violations of the FDCA and Sherman law, which Plaintiff in turn alleges constitute violations of the very same California statutes for each and every product: California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. (Counts 1-3); False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, (counts 4-5); and Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* (Count 6). All of Plaintiff's UCL claims—as to both the CSDs and the tea products—require analysis of actual reliance. (Dkt. 83 at 14.) And all of Plaintiff's claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), because all of them, regardless of product, are predicated on

4

DEFENDANT PEPSICO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON ALL CLAIMS AGAINST DEFENDANT PEPSICO, INC. PURSUANT TO FED. R. CIV. PROC. 54(b)
Case No. 5:12-cv-01736

Gibson, Dunn & Crutcher LLP

fraud and deception. (Dkt. 60 at 6-7.) Thus, permitting appeal of the Order on PepsiCo's CSDs will virtually guarantee that the Ninth Circuit will have to address the same legal theories and resolve disputes as to the same legal standards a second time in a successive appeal.

Moreover, Plaintiff has expressly acknowledged that her *factual* allegations relating to the labeling of artificial flavoring, coloring, and preservatives on Lipton Sweet Tea are largely identical to those she made regarding the labels on Pepsi-Cola. (Dkt. 114 at 3 & n.1 ["Paragraphs 105-113 in the TAC set forth allegations against Pepsi and also make reference to Lipton Sweet Tea"]; *see also*, *e.g.*, TAC ¶ 105 ["The following Purchased Products have an unlawful and misleading label that fails to disclose the presence of preservatives, artificial colors and artificial flavors: Lipton Sweet Tea [and] Pepsi"], ¶ 109 ["Defendants' Lipton Sweet Tea and Pepsi are misbranded because they contain artificial flavors, chemical preservatives and added colors but fail to disclose that fact."],¶ 111 ["Plaintiff did not know, and had no reason to know, that the products listed in paragraph 105 contained undisclosed chemical preservatives and other artificial ingredients because 1) the Defendants falsely represented on its label that the products were free of artificial ingredients & preservatives and 2) failed to disclose those chemical preservatives and artificial ingredients as required by California and federal law."]; ¶ 114 ["Because of their false label representations and omissions about chemical preservatives and artificial ingredients Defendants' Purchased Products in paragraph 105 are misbranded under identical federal and California law, including California Health & Safety Code § 110740."].)

Thus, if the Court certifies its Order on the CSDs for appeal, it is inevitable that—absent settlement or voluntary dismissal of the tea product claims—the Ninth Circuit "will have to revisit the same facts—spun only slightly differently—in a successive appeal" when it considers virtually the same legal theories regarding Lipton Sweet Tea. *Wood*, 422 F.3d at 882. That is *precisely* what the Rule 54(b) "juridical concerns" analysis is meant to avoid. *Id.* at 879-82.

That PepsiCo sought to have this Court decide its Motion to Dismiss the claims directed to PepsiCo's CSDs while the claims relating to the tea products remained stayed pending the FDA's guidance does not mean that the appellate process should proceed piecemeal. (*See* Mot. 4.) For the purposes of sequencing before this Court, PepsiCo simply observed that the claims directed to

5

DEFENDANT PEPSICO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON ALL CLAIMS AGAINST DEFENDANT PEPSICO, INC. PURSUANT TO FED. R. CIV. PROC. 54(b)
Case No. 5:12-cv-01736

Gibson, Dunn & Crutcher LLP

PepsiCo's CSDs could be resolved while the parties and the Court awaited the FDA's guidance on the use of "natural" on food labels.  Such sequencing in the trial court does not mean that seriatim, piecemeal appeals are appropriate or efficient, and Plaintiff has not met her burden of showing why it would be efficient to litigate her appeal while the claims that she asserts remain against PepsiCo are still before this Court.

There is simply no efficiency to be gained from allowing a product-by-product appeal in this action.

**B.    Plaintiff Can Identify No Equitable Reason Why She Must Appeal Only Some Claims Now**

Plaintiff has made no plausible argument that the equities weigh so strongly in her favor that "[a]llowing the case to continue on the normal track by proceeding to a trial . . . followed by a single appeal [would] deprive [her] of any remedy or result in any harsh or unjust judgment." *Ins. Co. of Pennsylvania v. Cty. of San Bernardino*, No. EDCV 16-0128 PSG (SSX), 2017 WL 5973284, at *3 (C.D. Cal. Apr. 25, 2017).  A plaintiff's bare "desire to bring at least part of this case to a close"—all that Plaintiff really proffers here—is not a sufficient reason to grant a Rule 54(b) motion for entry of judgment.  *Jewel*, 810 F.3d at 630.

Plaintiff claims that there is a public interest in forcing this case to proceed through piecemeal appeals because of the "importance" of product labeling and a risk that consumers will not know what is in the beverages they consume.  (Mot. 3.)  This purported risk of consumer confusion is just as implausible as was Plaintiff's theory of deception as to the Pepsi-Cola labels.  As established in the Court's order finally dismissing with prejudice the claims against PepsiCo's CSDs, reasonable members of the consuming public are already capable of "ascertain[ing] exactly what ingredients make up the products they purchase" (Mot. 3)—they need only read the truthful ingredients statements on PepsiCo's CSDs.  (*See* Dkt. 133 at 10-11 [concluding that Pepsi-Cola labels "correctly (a point which Plaintiff does not disagree with) report the ingredients of Pepsi, and identify that these ingredients include 'phosphoric acid' and 'citric acid'"]; *id.* at 11 ["the ingredients list also includes 'Caramel Color'" and "[n]o reasonable consumer would deem this a non-artificial ingredient"].)

There is likewise no risk of harm or undue delay given the temporary stay currently imposed

DEFENDANT PEPSICO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON ALL CLAIMS AGAINST DEFENDANT PEPSICO, INC. PURSUANT TO FED. R. CIV. PROC. 54(b)
Case No. 5:12-cv-01736

Gibson, Dunn & Crutcher LLP

1  on Plaintiff's tea product claims.  Here, Plaintiff willingly subjected her tea product claims to a stay
2  pending issuance of the FDA's guidance on the use of the term "natural" in food labeling.  (Dkt. 114
3  at 2.)  Nor does Plaintiff's Motion articulate any possible harm from delaying appeal of the Court's
4  Order on the CSDs until the remaining claims are resolved, much less "any immediate hardship or
5  injustice" heralding "sufficient urgency to justify a Rule 54(b) certification."  *Sure-Safe Indus., Inc. v.*
6  *C & R Pier Mfg.*, 851 F. Supp. 1469, 1475 (S.D. Cal. 1993).

7  The equities simply do not tip in Plaintiff's favor in these circumstances.  "Because [Plaintiff]
8  has not convincingly described some pressing need to have [the claims against PepsiCo's CSDs]
9  processed before entry of a comprehensive final judgment, 'this is the usual case where some issues
10 are adjudicated earlier than others.'"  *Moore*, 2016 WL 771335, at *3 (quoting *Baker v. Ark. Blue*
11 *Cross & Blue Shield*, No. CV 08-3974 SBA, 2010 WL 2228522 (N.D. Cal. June 1, 2010)).  The mere
12 inconvenience of such delay is "nothing extraordinary" and does not dictate entry of judgment for
13 immediate appeal.  *Id.*

### III. CONCLUSION

15 "This is not . . . the sort of 'unusual' case that justifies a multiplication of appellate
16 proceedings."  *Moore*, 2016 WL 771335, at *1.  There is no "seriously important reason" that the
17 CSD labeling claims, which rely on nearly identical theories of deception as the pending tea product
18 claims, must proceed to a separate appeal now, rather than waiting for resolution as a "single unit[]."
19 *Wood*, 422 F.3d at 879-883.  Certification for appeal under Rule 54(b) will serve only to further
20 burden the courts with product-by-product review of virtually the same legal issues, undercutting the
21 historic policy against piecemeal appeals guiding the Rule 54(b) analysis.  Plaintiff's motion for entry
22 of judgment should be denied.

24 DATED:  June 18, 2018           DANIEL W. NELSON
                                   TIMOTHY W. LOOSE
25                                 GIBSON, DUNN & CRUTCHER LLP

27                                 By:    /s/  Timothy W. Loose

                                   Attorneys for Defendant PepsiCo, Inc.

7
DEFENDANT PEPSICO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT
ON ALL CLAIMS AGAINST DEFENDANT PEPSICO, INC. PURSUANT TO FED. R. CIV. PROC. 54(b)
Case No. 5:12-cv-01736

Gibson, Dunn & Crutcher LLP