UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMY MAXWELL,<br><br>    Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC., et al.,<br><br>    Defendants. | Case No. 5:12-cv-01736-EJD<br><br>**ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT**<br><br>Re: Dkt. No. 136 |

Plaintiff Amy Maxwell ("Plaintiff") brought this putative class action suit against Defendant PepsiCo, Inc.'s ("PepsiCo") and several other defendants (collectively, "Defendants") on behalf of all persons in the United States who, since April 6, 2008 to the present, purchased the same or 83 similar allegedly mislabeled food products. Third Amended Complaint ("TAC"), Dkt. No. 84. On December 8, 2017, the Court stayed all claims except those against PepsiCo under the primary jurisdiction doctrine. Dkt. No. 122. PepsiCo then filed a motion to dismiss the still-pending claims, all of which pertained to Pepsi carbonated soft drinks. Dkt. No. 123. On March 29, 2018, this Court granted PepsiCo's motion. Order Granting Motion to Dismiss ("Dismissal Order"), Dkt. No. 133. Plaintiff now moves pursuant to Federal Rule of Civil Procedure 54(b) for entry of final judgment on the Pepsi carbonated soft drink claims. Motion ("Mot."), Dkt. No. 136. For the reasons discussed below, Plaintiff's motion is DENIED.

I. **LEGAL STANDARD**

Generally, the appellate courts only have jurisdiction to hear appeals from final orders. 28 U.S.C. § 1291. Rule 54(b) allows for an exception to this final judgment rule. It provides:

Case No.: 5:12-cv-01736-EJD
ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT
1

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Essentially, the party moving for certification must effectively overcome "'the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. Gen. Elec. Co*., 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

When confronting a certification request, a district court must first determine whether the motion concerns a "final judgment." *Curtiss-Wright*, 446 U.S. at 7-8. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id*. at 7 (quoting *Sears*, 351 U.S. at 427). After a district court has determined whether a judgment is final, it must determine whether, in its discretion, any "just reason for delay" exists. Fed. R. Civ. P. 54(b). The Court does so by balancing judicial administrative interests and the equities involved. *Curtiss-Wright*, 446 U.S. at 8, 10. In particular, a court should "consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. at 8.

**II. DISCUSSION**

The Court's Dismissal Order qualifies as a final judgment. In her TAC, Plaintiff alleged

Case No.: 5:12-cv-01736-EJD
ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT

2

five causes of action (violations of the FAL, CLRA, and all three prongs of the UCL) by six categories of products (Pure Leaf products, Brisk Tea products, Bottled (Iced) Tea products, Lipton Bagged Tea products, Lipton To Go products, and Pepsi products). *See* TAC ¶¶ 210-26, 240-304. The Court's Dismissal Order dismissed with prejudice all of Plaintiff's claims with respect to the Pepsi products category. Dismissal Order 12. As such, it rendered a decision on a cognizable claim for relief, and ultimately disposed of Plaintiff's individual claims relating to the Pepsi products. *Curtiss-Wright*, 446 U.S. at 7.

The question then becomes whether there is any "just reason for delay." *Id.* Plaintiff argues that there is none, citing three primary reasons: First, there is a strong public interest in the enforcement of accurate product labeling. Mot. 3. Second, it will likely be a long time before the remainder of this case is unstayed, the merits adjudicated, and Plaintiff has the opportunity to appeal the Dismissal Order. *Id.* And, third, the issues that Plaintiff seeks to appeal now are factually and legally distinct from the remaining claims in this case, as the former are claims against PepsiCo based on Pepsi carbonated soft drink products, whereas the latter are claims against Unilever and Pepsi-Lipton Team Defendants based on Lipton tea products. *Id.* at 3-4.

PepsiCo disagrees, arguing that Rule 54(b) certification here would result in piecemeal appeals and inefficient litigation. Opposition ("Opp."), Dkt. No. 139. Specifically, PepsiCo points out that certification would not eliminate it as a party, as it would need to remain in this case to defend the tea labeling claims. *Id.* at 4. PepsiCo also argues that the issues are not sufficiently distinct, because they are all based on violations of the same statutes and, at least with respect to Pepsi and Lipton Sweet Tea, there are overlapping factual allegations. *Id.* at 4-5. Finally, PepsiCo argues that Plaintiff overstates her public interest concerns, and challenges that she stands to suffer no real harm from delaying her appeal. *Id.* at 6-7.

On balance, the Court agrees with PepsiCo that there are just reasons for delay. While it is true that the claims that remain are based on different products from those that were dismissed (i.e., tea products as opposed to soft drink products), substantial overlap in factual and legal issues remain. For example, Plaintiff's claims relating to Lipton Sweet Tea include the same artificial

Case No.: 5:12-cv-01736-EJD
ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT
3

labelling claims that Plaintiff levied against the Pepsi products. *See* TAC ¶¶ 105-14. In addition, there is overlap in legal issues, such as Article III and statutory standing, since all of Plaintiff's claims arise from the same statutes. *See* TAC ¶¶ 240-304. Based on this, it does not appear that "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

In addition, it does not appear that Rule 54(b) certification would create any savings for the parties. Even if only the tea product claims remain, PepsiCo will remain a party to the case and will have to at least defend Plaintiff's allegations that certain tea products are "bottled under the authority PepsiCo" and "market[ed]" by PepsiCo. TAC ¶¶ 27-29. While it is true, that, as Plaintiff contends, its role could be more limited, Dkt. No. 140, it will still incur expense, and it is hard to tell at this early stage how diminished its involvement will be. The speculative nature of these potential savings diminishes their persuasiveness.

Finally, it does not appear that Plaintiff stands to suffer substantial harm if her appeal is delayed. This case has already been pending for six years, and Plaintiff has not specifically identified any harm that she or others would stand to suffer from an additional lapse of time before she is allowed to appeal. Further, it bears mention that Plaintiff herself chose to bundle her Pepsi product claims in the same complaint as her tea product claims. If Plaintiff wished to instead pursue these claims in separately timed actions, she could have done so.

In sum, because there are overlapping issues and parties and because equitable considerations do not counteract this clear risk of judicial inefficiency, there is just reason for delay. Accordingly, the Court declines to enter final judgment on its dismissal of the Pepsi carbonated soft drink claims. Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 30, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-01736-EJD
ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT
4